Exhibit "A" - Proposed Response to Government's Motion for Protective Order

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL CAUSE NO.  3:24cr103DPJ-LGI**

**AARON B. BANKS**

**AARON B. BANKS' RESPONSE TO THE GOVERNMENT'S**
**MOTION FOR PROTECTIVE ORDER**

  **COMES NOW**, Aaron B. Banks, by and through his undersigned counsel, and files this,

his Response to the Government's Motion for Protective Order. [Ct. Doc. No. 49].   Mr. Banks

and his counsel do not oppose this Court entering an appropriately-limited protective order to

prevent unwarranted and unjustified disclosure of sensitive materials.  There is no need to publicly

attach to any pleadings, for example, grand jury transcripts.  There exists a variance between the

proposed protective order the Government's counsel has offered the defense and the motion it filed

requesting the same.  The undersigned expressed to the Government that while he does not oppose

the protective order as drafted by the Government, the breadth and scope of the filed motion

exceeds that of the draft order.  This case very obviously involves a significant amount of

discovery, much of which involves audio- and video-recorded telephone and in-person

conversations.  I anticipate that there will be quite many motions filed in this litigation, and the

Government's motion seeks to prevent these defendants from using names in court filings even

though the use of names in court filings are (1) routinely done by the counsel for the Government

and defendants, (2) permissible under the local rules of court and the Federal Rules of Criminal

Procedure, and (3) are necessary in a case such as this in which pretrial rulings on the admissibility

of conversations, in whole and in part, by various people is critical for the purpose of litigating

communications, understandings, and the context of communications for trial and other legitimate litigation purposes.

Mr. Banks and his counsel know the rules regarding who can have access to the discovery materials they receive from the Government in this case. In its Motion for Protective Order, the Government says it "seeks to protect the disclosure of personal identifiable information, financial information, grand jury testimony and other sensitive witness statements." *See id*. Although the Government's motion acknowledges that Mr. Banks has a right, and his counsel by extension has a duty, to litigate this case through appropriate motions and pretrial litigation steps, it suggests that the purpose of its motion is to prevent the undersigned and the lawyers for Mr. Banks' co-defendants from, for example, "releasing sensitive witness statements or law enforcement materials to the media in an effort to influence the potential jury pool." *Id*. Having practiced as both an Assistant United States Attorney and as a defense lawyer before this Court for a lengthy period of time, I have never been accused of, or needed to be curbed from, engaging in any improper efforts to influence any jury pool. The Government's motion and its overly broad premise represents a solution looking for a problem. The Government's motion's request to prevent names from being used in filings is also too broad to the extent that it fails to present the Court and the undersigned enough specificity for us to know what exact information the undersigned can or cannot use in a motion to properly defend his client and to preserve potential points of error for the record. Lastly, the Government's motion makes no distinction as to how the supposed "privacy of witnesses" and ongoing law enforcement investigations are supposed to be protected during the pretrial phase of this litigation when in all likelihood the Government and the defense will use those very same names and those very same investigative facts at the public trial of this case. For example, the Government's motion suggests that the defense should not be

able to reference names of uncharged people in its briefs to protect the privacy of those third parties when the potential names the Government is referencing appear in discovery materials related to meetings and conversations that occurred in quite public settings. The motion's overly broad request to prohibit the use of names cuts against how the Government routinely practices in this Court, commonly referencing names of uncharged persons and witness and the contents of statements in briefs it files when it prosecutes cases in this tribunal.

Mr. Banks agrees in part and opposes in part the Government's instant Motion for Protective Order. Mr. Banks does not oppose the Government's request that the Court require the defense not to disclose the information already barred from public filings by Fed. R. Crim. P. 49.1, and he offers no opposition to the Government's request that no parties attach grand jury transcripts and copies of witness statements to its filings. Mr. Banks, nonetheless, opposes the part of the Government's motion that seeks to bar him from stating only when necessary the names of people involved in the acts and occurrences that led to the charges in this case when required to protect Mr. Banks' 6th Amendment rights. The Government's indictment in this case was required only to track the language of the statutes it claims the defendants violated, but it, nevertheless, included surplusage in the charging instrument, quoting from conversations it alleges took place over a several month period when the Govenrment plainly had recordings, interviews, and investigative steps that took place over years. Mr. Banks should have the right to file motions that reference the other participants in those conversations and ask this Court to admit, for example, other conversations the Government has chosen not to quote that provide context to the conversations the Government has selected and curated for presentation in the indictment in this case.

The Government first presented its proposed order (with no proposed motion attached) to the undersigned via an email dated November 7, 2024. The undersigned reviewed the proposed

order and promptly informed the Govenrment that Mr. Banks did not oppose the submission and

entry of that proposed order. The reason for our non-opposition to that order was that the proposed

order simply stated a series of rules already in place for litigants in this Court—(1) that no one

other than the defendants, their respective counsel, and their respective trial teams could have

access to the discovery, and (2) that the litigants had to adhere to Fed. R. Crim. P. 49.1, which

prohibits lawyers from publicly filing or improperly using an individual's:

      (a)  social security number;
      (b)  taxpayer-identification number;
      (c)  birth date;
      (d)  the name of an individual known to be a minor;
      (e)  a financial-account number; or
      (f)  the home address of an individual.

*See* Fed. R. Crim. P. 49.1. Because the Government's proposed order was merely a recitation of

this Court's and the Federal Rules of Criminal Procedure's proscriptions that were already in place,

the undersigned saw no point in opposing the Government's proposed order. One week later, in a

separate email dated November 14, 2024, the Government sent the undersigned the same proposed

order, but this time it attached to that email a motion that was more expansive and included

requested prohibitions that were not included in the accompanying proposed order. The proposed

order was still agreeable to Mr. Banks, but the draft motion for the protective order unjustifiably

exceeded the parameters of Rule 49.1 and the limitations listed in the proposed order. The

additional relief referenced in the motion that asked for a prohibition against using names in the

filing of motions (1) cuts against Mr. Banks' 6th Amendment right to effective assistance of

counsel, (2) is not otherwise legally justified, (3) makes no allowance for when the use of names

in motion filings is necessary and permissible, and (4) leads to confusion between what the

Government is asking for via motion versus what the Government included in the language in its

proposed protective order. Moreover, by specifying in Rule 49.1(d) that parties could not use the

name of an individual "known to be a minor," the rule obviously contemplates the use of names in pleadings when the individual whose name is to be use is not "known to be a minor." *See* Fed. R. Crim. P. 49.1(d).

In its Motion for Protective Order, the Government cites *Adelman v. United States*, 394 U.S. 165, 185 (1969) and offers this Court a quote to justify its relief, but does so wholly out of context. *Id*, at 2.  *Adelman* was a case in which the appellate courts sent the Government back before a trial court to determine to what degree the Governmment's illegally eavesdropping on a United States citizens were tied to, and resulted in, four defendants' criminal convictions. *Adelman*, 394 U.S. at 167-68.  The United States Supreme Court, in a per curiam opinion, "refused to accept the *ex parte* determination of relevance by the Department of Justice in lieu of adversary proceedings in the District Court, vacated the judgment of the Court of Appeals, and remanded the case to the District Court for further proceedings." *Id*. at 168.  The Supreme Court, against the Government's urging in that case, discussed the procedures on remand and the dangers to the Government's national security interests and to third-party interests inherent in the Government's choice to proceed in the trial court as opposed to, perhaps, dismissing the case. *See id*.  But short of that, the Court suggested that the trial court might institute appropriate enforceable orders against *unwarranted* disclosure of the materials, but the Court, too, discussed at length the defense's unique position and need for adequate adversarial challenge to the materials at issue and not in any *ex parte* or *in camera* fashion. *Id*.  The names at issue here will likely be disclosed now or later—during the pretrial phase of this litigation or at the trial of this matter.  Mr. Banks,' of course, (1) would not reveal any names of third-parties in any effort to create pretrial publicity or to unduly influence any jury pool and (2) would only do so when absolutely necessary to defend Mr. Banks and make his pleadings clear.  Mr. Banks' legal team has no intention whatsoever of

attaching to any of his defense motions any transcripts of any grand jury testimony. Furthermore, the Government's interest in protecting names of people involved in the conversations, recordings, meetings, and the like, as it elected to reference in its "speaking" Indictment, both expressly and otherwise, are easily decipherable with any degree of discernment by anyone who is closely aware of the facts and occurrences underlying this case.

The next inapposite case the Government's motion cites is *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993). The defendant in *Miramontez* had pleaded guilty to a single count of engaging in a continuing criminal enterprise, and he was sentenced for his role in that crime. *Id*, at 57. Some four years after his sentencing, that defendant filed a *pro se* petition in the district court in which he was convicted, asking the trial judge pursuant to the Freedom of Information Act and Fed. R. Crim. P. 6(e) to order the Government to disclose to him certain grand jury transcripts. *Id* at 57-8. The Fifth Circuit denied the *Miramontez* defendant's request for the grand jury transcripts under an abuse of discretion review because of the defendnat's failure "to show that a particularized need [existed] for the materials that [outweighed] the policy of [Grand Jury] secrecy." *Id* (citing *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 224-225 (1979) (requests for disclosure of grand jury testimony must, as a general rule, be directed to the court that supervised the grand jury's proceedings, even when required for a civil proceeding in another judicial district)). The Court held that *Miramontez* did not show a "particularized need" under any of the three elements required to obtain the grand jury transcripts pursuant to *Douglas Oil*. *Miramontez*, 995 F.2d at 59. The Fifth Circuit also distinguished the *Miramontez* defendant's post-conviction request for grand jury materials and the pre-conviction request for grand jury materials the appellants in *Dennis v. United States*, 384 U.S. 855 (1966) had made prior to their convictions. *Id*, at 59-60 (citing *Dennis v. United States*, 384 U.S. 855 (1966)). In the *Dennis*

case, the U.S. Supreme Court held that the district court had committed reversible error when it refused to require the Government to disclose grand jury testimony of witnesses who also testified at trial, in which case the Supreme Court "noted that the traditional reasons justifying nondisclosure were not significant" in the specific circumstances raised on appeal in *Dennis*. *Miramontez*, 995 F.2d at 60 (citing *Dennis*, 384 U.S. at 1850).

Mr. Banks should not be barred from referencing the names of people and participants in conversations in his pretrial motions to protect his rights under the 6th Amendment. Mr. Banks and his counsel would never use anyone's name for the purpose of influencing the jury pool or for any other untoward purpose, and the undersigned has no interest in filing any motions for any purpose other than vigorously defending his client. Lastly, to the extent that the Government's motion requests this Court prevent the defense from attaching grand jury transcripts to any of its filings, the undersigned has no intention of doing so. But, to the extent that the discovery materials in this case necessitate the inclusion of names referenced in discovery for the purposes of motions, the undersigned should not be prohibited from using those names of people who participated in conversations, meetings, and recorded conversations to the extent those names are necessary for the Court to decide both dispositive and non-dispositive issues.

**WHEREFORE, PREMISES, CONSIDERED**, Defendant Aaron B. Banks respectfully requests this Court grant in part and deny in part the relief the Government seeks in its filed motion for protective order, which varies from the relief the Government has presented via its draft proposed order it respects that are critical to Mr. Banks' being able to be defended vigorously.

**RESPECTFULLY SUBMITTED**, on this, the _____ day of _____.

_____
E. Carlos Tanner, III, Esq. MSB# 102713
TANNER & ASSOCIATES, LLC
Post Office Box 3709
Jackson, Mississippi 39207
carlos.tanner@thetannerlawfirm.com
601.460.1745 (telephone)
662.796.3509 (facsimile)