IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  **CRIMINAL CAUSE NO.  3:24cr103DPJ-LGI**

**AARON B. BANKS**

### AARON B. BANKS' MOTION FOR LEAVE TO RESUBMIT PROPOSED TRIAL DATES

**COMES NOW**, Aaron B. Banks, by and through his undersigned counsel, and files this, his Motion for Leave to Resubmit Proposed Trial Dates.  On November 20, 2024, the Government filed a combined Joint (Unopposed) Motion to Continue, to Designate Case as Complex, and to Reset Pretrial Deadlines. [Ct. Doc. No. 46].  On November 26, 2024, the Court granted the joint motion and directed the parties to confer and submit to the Court within fourteen days of the Order granting that motion three proposed trial dates and information concerning the parties' best estimates as to the likely length of jury selection and trial. [Ct. Doc. No. 48].  Counsel for the Government and counsel for the various defendants conferred with each other about mutually agreeable trial dates, but the Government and the defense were unable to reach an accord about the scheduling of trial.  So, within the fourteen-day timeline, the Government submitted its three proposed trial dates and related estimates and counsel for the defendants  submitted its proposed three trial dates and estimates to the Court.  Now, Mr. Banks respectfully asks this Court to permit the lawyers for the defendants to have a brief time period to reconvene and submit three more proposed trial dates to the Court.  This request is necessitated by several considerations.  First, at the time the defense lawyers conferred in good faith in an effort to comply with the Court's November 26, 2024 Order, we were acting to the best of our ability without having yet received

the discovery in this case. Secondly, now that we have received the Government's first volume of discovery materials, we can see just how extensive and dense the Government's production is. The Government's proposed dates and the defendants' proposed dates were not very far apart timewise, but the undersigned believes there is no way possible the defendants can adequately prepare for trial, file necessary motions, and try this case in the timeframe that either set of parties represented in their previously submitted trial date proposals.

In the aforementioned Joint Motion to Continue and to Declare Case as Complex, the Government acknowledged that this case and its related discovery materials are extraordinarily complex. *See* Ct. Doc. No. 46. The Government, nonetheless, represented to the Court that this case should be tried in just over a year from the date we made our submissions. By the December 10, 2024 deadline for submissions, though, the defense lawyers were operating "in the blind" inasmuch as we had not yet received the the Government's first sets of discovery hard drives, not including the Cellebrite telephone extraction information, which alone is expansive. The defense, for its part, without yet having the benefit of the perusing the discovery materials, tried to take the Government's representations as to the complexity of the discovery into account in proposing trial dates that were only a few months past the Government's proposed dates. Now, having started my review of the first volume of the Government's discovery materials, which we received by mail a few days after we had submitted the Court our requested trial schedules for this case, the undersigned believes the trial dates the Government and the defense submitted to the Court are quite unrealistic. Of course, I have had federal cases far less complex than this one that required much more time to defend than what we have asked for in this litigation. To be sure, as soon as I reached my above-referenced conclusion, I contacted counsel for the various defendants in this case by email and proposed we notify the Court about this issue at once so we would not represent

that we could handle this case in the timeline we have stated, only to have to ask the Court for additional time in the future when the need for more time was foreseeable to us now. Counsel for the other defendants were agreeable to that suggestion.

Even the "speaking" indictment in this case does not fully reflect the length of time the Government began its investigation nor the full extent of its investigative activities. Until I started skimming the materials in an effort to organize the documents and other evidence the Government had provided me, I was not aware the vast number of people and entities referenced in these materials. Moreover, with respect to the density of the discovery materials on the drives I received, I could not have known at the time my fellow defense counsel and I were trying to fashion reasonable trial dates that so many of the documents at issue were financial records, which alone require extensive, and perhaps expert, attention, and, thus, necessitate our submitting to the Court trial dates further in the future than the ones we originally proposed as reasonable. In looking at the true scope of this case and the breadth of these materials and what it will require for us to pore over these materials to prepare our defenses, I am asking this Court to give the defense lawyers for these accuseds another opportunity to confer and present different dates to the Court for its consideration of when to set this case for trial.

**WHEREFORE, PREMISES, CONSIDERED**, Defendant Aaron B. Banks respectfully requests this Court permit the defense to confer and resubmit proposed trial dates to the Court.

**RESPECTFULLY SUBMITTED**, on this, the 21st day of January, 2025.

> _/s/ E. Carlos Tanner, III, Esq._
> E. Carlos Tanner, III, Esq. MSB# 102713
> TANNER & ASSOCIATES, LLC
> Post Office Box 3709
> Jackson, Mississippi 39207
> carlos.tanner@thetannerlawfirm.com
> 601.460.1745 (telephone)
> 662.796.3509 (facsimile)

## CERTIFICATE OF SERVICE

I, E. Carlos Tanner, III, do hereby certify that on this date, January 21, 2025, I have electronically filed the foregoing Motion for Leave to Resubmit Proposed Trial Dates with the Clerk of Court for the United States District Court for the Southern District of Mississippi using the ECF system, which caused a copy of the same to be sent to all counsel of record in this cause.

**RESPECTFULLY SUBMITTED**, on this, the 21st day of January, 2025.

> By: _/s/ E. Carlos Tanner, III_
> E. Carlos Tanner, III, Esq. (MS Bar No. 102713)
> TANNER & ASSOCIATES, LLC
> Post Office Box 3709
> Jackson, Mississippi 39207
> 601.460.1745 (telephone)
> 662.796.3509 (facsimile)
> carlos.tanner@thetannerlawfirm.com